IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVID WARD**                                                                                                          **PLAINTIFF**

v.                                    Case No. 4:24-cv-00459-KGB

**J.B. BANNING**
**a/k/a MONEY IN THE BANK**                                                                               **DEFENDANT**

## ORDER

Before the Court is *pro se* plaintiff David Ward's motion for summary judgment (Dkt. No. 7). On October 21, 2024, the Court entered an Order granting Ward's application to proceed *in forma pauperis* ("IFP") and directing Ward, within 30 days of the date of the Order, to show cause why this case should not be dismissed for lack of subject matter jurisdiction (Dkt. No. 3). Specifically, the Court noted that, on the face of the complaint, the Court lacked subject matter jurisdiction over Ward's breach of contract claim because the parties appear to be nondiverse and because Ward did not allege any valid basis for federal question jurisdiction (*Id.*, at 2).

On November 6, 2024, Ward filed a response to the Order (Dkt. No. 4). Ward's response broke no new legal ground, adding only the assertion that Ward's claim arises under the Equal Protection Clause of the Fourteenth Amendment (*Id.*). However, Ward's equal protection argument failed to provide a plausible basis for federal jurisdiction for the same reason as his due process arguments—the Equal Protection Clause does not apply in the absence of state action. *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 172 (1972). Ward has not alleged that his contract with named defendant J.B. Banning, a/k/a Money in the Bank, implicates state action.

For these reasons, the Court determined that it lacked subject matter jurisdiction over this action, dismissed Ward's complaint without prejudice, and entered Judgment (Dkt. Nos. 5, 6).

After Judgment was entered, Ward filed a motion for summary judgment that is now pending before the Court (Dkt. No. 7).  The motion for summary judgment, filed after Judgment was entered by the Court, is procedurally improper under the Federal Rules of Civil Procedure and denied on this basis.  Further, even if the Court construes the motion for summary judgment as a motion for reconsideration or to set aside the Judgment previously entered, the motion for summary judgment raises no new legal or factual basis for this Court's reconsideration of its prior Order and Judgment.  The Court has considered Ward's motion for summary judgment, but that filing does not alter this Court's analysis.  For these reasons, the Court denies Ward's motion for summary judgment (Dkt. No. 7).

It is so ordered this 11th day of September, 2025.

Kristine G. Baker
Chief United States District Judge